**AMERICAN GENERAL LIFE AND ACCIDENT INSURANCE COMPANY, Plaintiff,**

v.

**Thelma SMITH, Defendant.**

**No. Civ.A. 98–D–101–N.**

United States District Court, M.D. Alabama, Northern Division.

March 18, 1998.

Lee E. Bains, Jr., Birmingham, AL, James A. Byram, Jr., M. Roland Nichman, Jr., Montgomery, AL, for Plaintiff.

Frank M. Wilson, P. Leigh O'Dell, Montgomery, AL, for Defendant.

## ORDER

DE MENT, District Judge.

Before the court is Defendant Thelma Smith's Motion To Dismiss ("Def.'s Mot. To Dismiss") filed February 20, 1998. Plaintiff American General Life and Accident Insurance Company ("American General") filed its Response ("Pl.'s Resp.") on March 5, 1998. On March 9, 1998, Smith filed a Supplement to her Motion To Dismiss ("Def.'s Supp."). Also before the court is American General's Motion For Leave To Amend Complaint ("Pl.'s Mot. For Leave To Amend") filed March 4, 1998. Smith filed her Objection To Motion For Leave To Amend Complaint ("Def.'s Obj.") on March 6, 1998.

After careful consideration of the arguments of counsel, relevant law, and the record as a whole, the court finds that for the reasons set forth below, Smith's Motion To Dismiss is due to be granted. Consequently, the court need not reach the merits of American General's Motion For Leave To Amend Complaint.

## I. PROCEDURAL HISTORY

On January 23, 1998, Thelma Smith, Defendant in the action at bar, filed an action as plaintiff in the Circuit Court of Montgomery County, Alabama against "Michael DeBellis, as Commissioner of the State Insurance Department and DEPARTMENT OF INSURANCE OF THE STATE OF ALABAMA." (See American General's Verified Compl., Ex. A.) Smith's Complaint challenged the Alabama Department of Insurance's ("Department") approval of the inclusion of binding arbitration clauses in certain insurance contracts. (Id.) Binding arbitration clauses

force consumers to give up their ability to sue in a court of law. Instead, under a valid binding arbitration clause, a consumer must submit any dispute they may have with a company to an arbitration proceedings where it is resolved by an arbitrator rather than a jury. Frequently, the consumer must bear his or her own costs incurred in the arbitration process.

In essence, Smith contended that in approving binding arbitration clauses in certain contracts of insurance, the Department violated its duty to protect the welfare of Alabama consumers, and violated Alabama law. (*Id.*, ¶¶ 12, 19.) Smith contended that "[a]t no time did Defendants [the State] have public hearings on the arbitration inclusion nor was any type notice given to policyholders.... Only insurance companies were given any type notice by Defendants [the State]." (*Id.*, ¶¶ 17, 20.) Smith's Complaint did not seek monetary damages, but simply sought the cessation of what she contended to be illegal activity by the Department.

On February 2, 1998, American General filed its Verified Complaint For Injunctive Relief And Declaratory Relief ("Pl.'s Compl.") in this court. American General sought a preliminary and permanent injunction to:

(1) require Smith and all persons acting in concert with her to dismiss the state court action (Pl.'s Compl. at 6);

(2) prevent Smith and all persons acting in concert with her from attempting to proceed further with the state court action (*Id.*);

(3) stay further proceedings in the state court action (*Id.*);

(4) require Smith and all persons acting in concert with her to fully comply with the provisions and requirements of the Federal Arbitration Act, 9 U.S.C. §§ 1, et seq. (*Id.* at 6–7.)

American General also sought a declaratory judgment that:

the arbitration provision in the insurance contract between plaintiff and defendant ... and all other similar provisions in all other insurance contracts written and marketed by plaintiff, American General, in the state of Alabama, are legal; comply

fully with all applicable state and federal laws; and are governed by the provisions of the FAA 9 U.S.C. §§ 1, *et seq.*

(*Id.* at 7.) Finally, American General sought attorneys' fees and costs and such other relief as the court deemed appropriate. (*Id.*)

On February 20, 1998, Smith filed her Motion To Dismiss the instant action. She asserts that American General "lacks standing to assert these claims in that no case or controversy exists between the parties." (Def.'s Mot. To Dismiss at 1, ¶ 2.) Smith's policy lapsed on April 19, 1997; consequently, she was not a policy-holder with American General at the time her state court suit was filed. (*Id.*, ¶ 3.) She dismissed her state court action on February 19, 1998. (*Id.*, ¶ 4.) The state court's Order of February 23, 1998 denying a motion to consolidate Smith's action with another similar action noted that Smith never had standing to invoke the state court's jurisdiction. (*See* Pl.'s Mot. For Leave To Amend, Ex. B.)

On February 25, 1998, this court issued an Order To Show Cause directing American General to respond to Smith's Motion To Dismiss. Rather than respond to Smith's Motion, however, American General filed its Motion For Leave To Amend Complaint on March 4, 1998. American General seeks to add Mattie T. Peterson, who has filed an identical lawsuit in the Circuit Court of Montgomery County, Alabama. Peterson raises the same issues raised by Smith in her suit, and is represented by the same counsel. (Pl.'s Mot. For Leave To Amend at 1–2; *see also Id.*, Ex. C.). Therefore, American General argues, Peterson's suit should be consolidated with Smith's suit, and the identical relief should be granted. (Pl.'s Mot. For Leave To Amend 1–2, ¶ 1.) As to the dismissal of Smith's state court suit, American General argues that "[a]lthough Ms. Smith has dismissed her State Court action, an arbitration issue remains between the parties. Specifically, American General seeks to enforce the arbitration clause contained in Ms. Smith's insurance contract." (*Id.* at 3, ¶ 3.) American General did not describe what the remaining "arbitration issue" was between the Parties.

That question was answered the next day, March 5, 1998, when American General filed its response to Smith's Motion To Dismiss and the court's February 25, 1998 Show Cause Order. There, American General argues that the lapse of Smith's policy and the dismissal of her state court case "are not grounds for dismissal here for lack of a case or controversy." (Pl.'s Resp. at 3.)

## II. DISCUSSION

■ Article III of the Federal Constitution restricts the jurisdiction of the federal courts to those disputes in which there is an actual "case" or "controversy." *See Raines v. Byrd,* — U.S. —, —, 117 S.Ct. 2312, 2317, 138 L.Ed.2d 849 (1997). An essential element of the case-or-controversy requirement is that plaintiffs have standing to sue. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Allen v. Wright,* 468 U.S. 737, 750–51, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984).

■ To have standing, the plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief. *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 474–75, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982). The alleged injury must be "distinct and palpable," and not "abstract," "conjectural," or "hypothetical." *Allen,* 468 U.S. at 751, 104 S.Ct. 3315 (citations omitted).

■ Thus, before considering American General's request to issue preliminary and permanent injunctions, stay the state court proceedings in both the Smith and Peterson actions, and compel Smith to arbitration, the court must determine whether American General has met its burden of establishing that its claimed injury is personal, particularized, concrete, and otherwise judicially cognizable. *Raines,* — U.S. at —, 117 S.Ct. at 2317, 138 L.Ed.2d 849. American General must at least establish that it has suffered an injury in fact—namely an "invasion of a le-

gally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan,* 504 U.S. at 560, 112 S.Ct. 2130. The court finds that it has failed to meet its burden.

This action is currently before the court on American General's motion to stay Smith's state action, require her and her agents to comply with the provisions of the Federal Arbitration Act, and its request for a declaratory judgment that its arbitration provision complies with all applicable state and federal laws and is governed by the FAA. Smith has dismissed her state court suit. Consequently, there is no state court action to stay and there are no parties to enjoin. In short, there is no "case" and no "controversy." Nevertheless, American General argues that there is.

As noted, American General argues that the lapse of Smith's policy and the dismissal of her state court case "are not grounds for dismissal here for lack of a case or controversy." (Pl.'s Resp. at 3.) American General proffers two grounds in support of this argument. First, American General contends that:

> Smith's original controversy with American General continues via defendant Peterson, through the same attorneys—both suits seeking to invalidate the arbitration clauses in the more than 50,000 life insurance policies written and marketed in the State of Alabama by American General.

(*Id.* at 3.) Second, American General argues that:

> there continues to be a controversy between American General and defendant Smith by virtue of American General's demand in its amended complaint that defendant Thelma Smith be required to take "whatever steps are necessary to submit to binding arbitration any disputes, claims, questions and controversies of any kind or nature with plaintiff, American General, as demanded."

(*Id.*) The court finds both arguments to be wholly without merit.

First, American General offers no support for its proposition that Smith's suit is "continuing" via Peterson's suit because they are similar suits brought by the same attorneys. A more intelligent argument would be that *if* Smith's state court suit was still viable, consolidation of Peterson's suit with Smith's suit would be appropriate because of the similar issue raised, the similar relief sought and the fact that the same attorneys were involved. *See* Fed.R.Civ.P. 42. However, Smith's suit is not still viable, and, therefore, there is no pending action with which to consolidate Peterson's action. The state court found as much in its February 23, 1998 Order. (Pl.'s Mot. For Leave To Amend, Ex. B.)

American General's contention that Smith's suit is "continuing" via Peterson's suit rests on the faulty assumption that Peterson has been added as a party to the action before the court. In other words, American General seeks to have the court determine its Motion For Leave To Amend to add Peterson before the court considers Smith's Motion To Dismiss. American General conveniently fails to address the fact that there is no viable suit with which Peterson may be added. Further, American General fails to note that assuming the viability of Smith's action, there are no grounds for adding Peterson as a *party*; rather, what American General seeks is the *consolidation* of Peterson's action with Smith's.

American General's second argument is that even though Smith's policy lapsed in April of 1997, and even though her state court suit was dismissed, a controversy still exists between American General and Smith that requires arbitration. According to American General, a dispute still exists: ·

> because defendant Smith refused to execute a general release in favor of American General signifying that she had no dispute, claim, question or disagreement arising out of or relating to the policy of insurance issued to her by American General, and because her counsel merely replied that "we are not currently representing Ms. Smith on any potential claims against American General and [are] not aware that any such claims exist," ....

(Pl.'s Resp. at 3.) This argument is based on a series of correspondence between counsel for American General and counsel for Smith.

As noted, Smith's state court Complaint was filed January 23, 1998 and asserted that she held a viable policy with American General. As further noted, Smith's policy had lapsed in April of 1997. That was the basis for Smith's dismissal of her state court action.

On February 17, 1998, counsel for American General wrote a letter to counsel for Smith notifying counsel for Smith that Smith's policy had lapsed. (*See* Pl.'s Motion For Leave To Amend, Ex. D, February 17, 1998 Correspondence.) Counsel for American General noted that "[y]our state court action alleges in Paragraph 15: 'Plaintiff [Thelma Smith] is the owner of a policy of insurance with American General Life and Accident Insurance Company, which was sold and issued in Alabama.'" (*Id.* (citing Smith's state court Complaint).) Counsel then wrote that "American General assumes from the allegation in Paragraph 15 of your state court complaint that Thelma Smith contends that the policy has not lapsed and is still in full force and effect." (*Id.*) Counsel then noted:

> Obviously, the foregoing circumstances constitutes a dispute or disagreement arising out of or relating to this policy.
>
> In the spirit of using its best efforts to settle this dispute or disagreement, American General would be pleased to receive any facts or materials which you or Mrs. Smith may have to substantiate her position that the above-specified policy with American General is still in full force and effect, and has not lapsed. American General, and we as its lawyers and on its behalf, wish to negotiate with you and Mrs. Smith in good faith to try to reach a just solution.
>
> . Please let me know also if Mrs. Smith has any other dispute, claim question or disagreement arising out of or relating to this policy.

(*Id.*)

Counsel for Smith responded on February 20, 1998. (*Id.*, February 20, 1998 Correspondence.) Smith's counsel noted that:

You are correct that Ms. Smith's policy apparently lapsed as shown on the notice you provided. We were not aware of that until you brought it to our attention. As a result we agree that she does not have standing to challenge the arbitration provision in that policy. For that reason, we have voluntarily dismissed the state court action against the Insurance Commissioner. A copy of the dismissal is enclosed.

Since there is no dispute between Ms. Smith and American General we look forward to receiving your dismissal of the federal suit. Our initial pleading is due Monday and I plan to file a motion to dismiss advising the court of these developments.

I appreciate your bringing this fact to our attention.

(*Id.*)

Counsel for American General responded in a February 23, 1998 letter that stated the following:

Your response of February 20 does not make clear whether its recitation that "there is no dispute between Ms. Smith and American General" is designed to respond to the request in my letter of February 17, 1998:

"Please let me know also if Mrs. Smith has any other dispute, claim question or disagreement arising out of or relating to this policy."

If your response of February 20 is designed to address this request in my letter of February 17, I assume that Ms. Smith would be agreeable to executing a general release in favor of American General from any and all present and future claims, demands, actions, causes of action, suits, damages, loss and expenses, including litigation expense and attorney fees, of whatever kind or nature, and whether known or unknown, for or on account of anything which has heretofore occurred, including, without limitation, claims relating to any dealings which Ms. Smith may have had with American General.

(*Id.*, February 23, 1998 Correspondence.)

Counsel for Smith responded in a February 24, 1998 letter as follows:

Since Ms. Smith has not asserted any claim against American General, I see no reason why she should execute any type of release. Consequently, I could not advise her to do that. I can tell you that we are not currently representing Ms. Smith on any potential claims against American General and am not aware that any such claims exist.

I look forward to receiving notice of dismissal of the declaratory judgment action.

(*Id.*, February 24, 1998 Correspondence.) Based on this correspondence, American General argues that Smith's refusal to execute a general release gives rise to a dispute or disagreement arising out of or relating to Smith's policy, and that consequently, Smith is required to submit to arbitration. (Pl.'s Resp. at 4.) On March 2, 1998, counsel for American General sent Smith a written demand for arbitration. (Pl.'s Motion For Leave To Amend, Ex. D, March 2, 1998 Correspondence.) On March 4, 1998, counsel for Smith responded to American General's arbitration demand:

Your March 2, 1998 letter was hand delivered to me while I was in trial in federal court. I finished my trial this morning and now have had an opportunity to review it. I must confess it leaves me scratching my head.

Would you please identify for me the claims about which you are making a demand for arbitration? Since I am not aware of any claims or disputes between Ms. Smith and American General I am at a loss as to how to respond to your letter.

(Def.'s Obj., Ex. A, March 4, 1998 Correspondence.) Counsel for American General's March 5, 1998 response merely refers back to his February 23, 1998 letter requesting a general release by Ms. Smith in favor of American General. (*Id.*, March 5, 1998 Correspondence .)

Contrary to counsel for American General's assertion in his letter of February 17, 1998 that American General and its attorneys were acting "[i]n the spirit of using its best efforts to settle this dispute or disagreement," and that "American General, and we

as its lawyers and on its behalf, wish to negotiate with you and Mrs. Smith in good faith to try to reach a just solution," the court finds no basis in fact for American General's "good faith" or "best efforts" to settle what it styles "a dispute or disagreement." In fact, search as it may, the court finds no "dispute or disagreement" remaining to be settled.

The above cited correspondence makes it patently clear that counsel for Smith was unaware of the fact that Smith's policy had lapsed, and that counsel for Smith voluntarily dismissed her state court action upon being notified of the lapse. Most corporate defendants would view the early voluntary dismissal of an action by a plaintiff as a victory. Not only does the corporate defendant not have to defend the action, but excessive attorneys fees will not be expended in discovery, the drafting and filing of dispositive motions, court appearances, travel time, paralegal time, and other costly attorney activities.

Not content with Smith's voluntary dismissal, however, American General also wants Smith to execute a broad general release, and construes her failure to do so as a viable dispute or disagreement requiring arbitration under the terms of her lapsed policy which obviously is no longer in force or effect. American General offers no support whatsoever for its position that an arbitrable dispute exists because of Smith's declination to execute a general release even though, as Smith's counsel notes "there is no dispute between Ms. Smith and American General." (Pl.'s Mot. For Leave To Amend, Ex. D, February 20, 1998 Correspondence.)

Tellingly, the "dispute" between American General and Smith is not clear. Is it Smith's refusal to execute a general release of all future claims even though she has no current claim against American General because her policy lapsed and she voluntarily dismissed her state court claim? If so, certain prospective general releases violate Alabama public policy. See, e.g., Reece v. Finch, 562 So.2d 195, 199–200 (Ala.1990) (holding that prospective releases from claims for willful and wanton conduct violate public policy). Is it Smith's refusal to permanently forego similar claims as were dismissed? If so, American General has not shown any consideration supporting a general release—what is it giving Smith in exchange for her release of all claims? See, e.g., Hamilton v. Edmundson, 235 Ala. 97, 177 So. 743, 746 (1937) (noting that a release is a contract and must be supported by lawful and valuable consideration). Additionally, American General also conveniently fails to address the fact that Smith's policy lapsed in April of 1997, and fails to explain how the policy's arbitration provision is still binding upon either party.

■■■ Even assuming that American General had the requisite standing at the time it filed this action, the court finds that it is due to be dismissed as moot. "Mootness [is] the 'doctrine of standing in a time frame.' The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." United States Parole Comm. v. Geraghty, 445 U.S. 388, 397, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980) (citation omitted). A change in the facts that ends the "case" or "controversy" renders the case moot. See, e.g., United Airlines, Inc. v. McDonald, 432 U.S. 385, 400, 97 S.Ct. 2464, 53 L.Ed.2d 423 (1977) (settlement of a claim typically moots any issues associated with it).

■■ The mootness doctrine stems from Article III of the Federal Constitution's prohibition against federal courts issuing advisory opinions. See, e.g., SEC v. Medical Comm. for Human Rights, 404 U.S. 403, 406, 92 S.Ct. 577, 30 L.Ed.2d 560 (1972). If a case is moot, there is no longer a "case" or "controversy" before the court, and a federal court opinion on the issue formerly in controversy will merely be advisory. Further, if events subsequent to the filing of the action resolve the matter—such as the dismissal of the underlying state court action—a federal court decision is not likely to have any effect. Therefore, the prerequisites for federal court adjudication are lacking. See Church of Scientology of California v. United States, 506 U.S. 9, 113 S.Ct. 447, 449, 121 L.Ed.2d 313 (1992); see also Firefighters Local 1784 v. Stotts, 467 U.S. 561, 596, 104 S.Ct. 2576, 81 L.Ed.2d 483 (1984) (central purpose of moot-

ness doctrine is to avoid an unnecessary ruling on the merits).

Finally, Defendant's Supplement To Motion To Dismiss, filed March 9, 1998 notes that:

since the filing of Defendant Smith's Motion To Dismiss the American Council of Life Insurance ("ACLI") has moved to intervene in the pending [Peterson] state court proceeding.... American General is a member of ACLI and as a result is currently being represented in the litigation which it now seeks to enjoin.... Should Plaintiff American General desire to present its position individually rather than through its representative, ACLI, it has an adequate remedy at law—intervention in the pending state court proceeding.

(Def.'s Supp. at 1–2, ¶¶ 1–3.)

In light of the foregoing, it is CONSIDERED and ORDERED that Defendant Smith's Motion To Dismiss be and the same is hereby GRANTED.